REYNA, Circuit Judge,
concurring.
I agree with the majority that Wi-Fi One has neither shown Broadcom to be in privity with the Texas Defendants nor a real party in interest in the Texas litigation.
I write separately to convey my sense that this Court has jurisdiction to address the time bar question despite the statutory requirement that the Board’s institution decisions “shall be final and nonap-pealable.” 35 U.S.C. § 314(d). I believe that the legal distinction that exists between an “institution” decision and a final decision compels that the decision in this case is a final decision, not an institution decision. A final decision concerning the time bar set forth by 35. U.S.C. § 315(b) should be subject to review. ■
DiscussioN
Our opinion in Achates Reference Publishing v. Apple, Inc., 803 F.3d 652 (Fed. Cir. 2015), holds that a time bar decision is not reviewable — a holding that I believe should be reconsidered by the en banc court. The § 315(b) time bar falls squarely within the exceptions acknowledged by this court in Achates. “[E]ven when the statutory language bars judicial review, courts have recognized that an implicit and narrow exception to the bar on judicial review exists for claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate.” Achates, 803 F.3d at 658 (quoting Hanauer v. Reich, 82 F.3d 1304, 1307 (4th Cir. 1996)).
Achates renders § 315(b) toothless. For example, if the Board simply chose to ignore a time bar issue altogether, there would be no avenue for appellate review. I do not believe that is what Congress intended. Rather, I believe §. 314(d) was intended, to ensure that institution decisions were truly preliminary, not to capture all statutory limitations on the inter partes review (“IPR”) process.
Here, the statutory language explicitly allows review of the Board’s final decision,[1] and in this case we- are faced with an argument that the Board exceeded the *1341 scope of its statutory authority both in instituting the IPR and in issuing its final decision..
It is clear that not every decision on whether there exists legal basis to commence an IPR is an unreviewable determination by the Director to institute as contemplated under § 314(d). For example, the Supreme Court has noted that § 314(d) may not bar consideration of a constitutional question, but that it “does bar judicial review of the kind of mine-run claim” of whether the grounds stated by the PTO in its institution decision matched the grounds in the original petition for IPR. Cuozzo Speed Techs., LLC v. Lee, — U.S. -, 136 S.Ct. 2131, 2136, 195 L.Ed.2d 423 (2016). The Court noted that Congress did not intend for a final IPR decision to “be unwound under some minor statutory technicality related to its preliminary decision to institute inter partes review.” Id. at 2140.
The time-bar question is not a “mine-run” claim, and it is not a mere technicality related only to a preliminary decision concerning the sufficiency of the grounds that are pleaded in the petition. See Cuozzo, 136 S.Ct. at 2136. Indeed, the time bar question is immaterial to the Board’s initial determination of whether there is a reasonable likelihood the petitioner would prevail on the merits. Rather, the time, bar deprives the Board of jurisdiction to consider whether to institute a review after one year has expired from the date a petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent. 35 U.S.C. § 315(b). Compliance with the time bar is part of the statutory, basis on which the final decision rests, despite .the fact that the question is first evaluated at the outset of the proceeding and noticed as part of the institution decision.
Cuozzo explicitly notes that its holding does not “enable the agency to act outside its statutory limits” and that such “shenanigans” are properly reviewable. 136 S.Ct. at 2141-42. That admonition compels us to review allegations that the Board has ignored, or erred in the application of, the statutory time bar.

. A party to an IPR "may appeal the Board’s decision” to this court. 35 U.S.C, § 141(c).